SHEILA K. SEXTON, SBN 197608
COSTA KERESTENZIS, SBN 186125
LORRIE E. BRADLEY, SBN 309411
**BEESON, TAYER & BODINE, APC**
483 Ninth Street, 2nd Floor
Oakland, CA  94607-4051
Telephone:     (510) 625-9700
Facsimile:      (510)_ 625-8275
Email:           lbradley@beesontayer.com

Attorneys for Plaintiffs
Jo Ann Gutierrez-Bejar, Maria Portillo and Stephany Magaña

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO ANN GUTIERREZ-BEJAR, MARIA PORTILLO, and STEPHANY MAGAÑA, on behalf of themselves and all other similarly-situated persons,<br><br>                                         Plaintiffs,<br><br>                    v.<br><br>SOS INTERNATIONAL, LLC, and DOES 1-10<br><br>                                         Defendant. | Case No. 2:16-CV-09000-JAK (JEM)<br><br>**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL REQUESTED**<br><br>1)  29 U.S.C. §206<br>2)  29 U.S.C. §207<br>3)  Cal. Labor Code §§210, 218 & 1194<br>4)  Cal. Labor Code §204<br>5)  Cal. Labor Code §226<br>6)  Cal. Labor Code §§201, 202 & 203<br>7)  Cal. Labor Code §2802<br>8)  Cal. Labor Code §§218 & 1194 |

Plaintiffs Jo Ann Gutierrez-Bejar, Maria Portillo and Stephany Magaña, on behalf of

themselves and others similarly situated ("Plaintiffs"), allege as follows:

### NATURE OF THE CLAIMS

1.       Plaintiffs bring this action, on behalf of themselves and on behalf of all other

similarly-situated persons, to recover liquidated damages for unpaid wages and overtime under the

Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201 *et seq.,* and to recover unpaid wages

and penalties under the California Labor Code associated with and/or arising from their

misclassification as "independent contractors" and that of the class they seek to represent.

2.      Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. §216(b), on behalf of themselves and on behalf of all other similarly-situated persons who were/are employed by Defendant as interpreters in the federal immigration courts within the United States and its territories and districts for the period of December 1, 2015 to the final disposition of this action (herein referred to as the "Class Period").  Plaintiffs, and the similarly-situated persons they seek to represent in the collective action brought pursuant to the FLSA, are herein referred to as the "FLSA Class."

3.      The FLSA Class members are similarly situated because they were and are misclassified by Defendant as "independent contractors," subjected to the same policies, terms and conditions of employment by Defendant, were denied complete and/or prompt payment for hours worked pursuant to a common policy and/or practice of Defendant, and have not been compensated for all hours worked pursuant to a common policy and/or practice of Defendant.

4.      Plaintiffs also bring claims under the California Labor Code on behalf of themselves and all others similarly situated, and such claims are brought as a class action pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23.  Such claims are brought on behalf of all other similarly-situated persons who were/are employed by Defendants as immigration court interpreters within the state of California who were misclassified as "independent contractors" ("California Class").  As such, the "California Class" consists of a smaller group of class members than the FLSA Class, and is a sub-class of the FLSA Class; however the Class Period for the California Class and the FLSA Class is of identical duration.

5.      The California Class members are similarly situated because they were/are all subjected to the same terms and conditions of employment by Defendant, and to Defendant's common policy and/or practice of misclassifying them as "independent contractors," failing to pay them for all hours worked, failing to pay one-and-one-half times their regular rate of pay for daily overtime or weekly overtime, failing to provide complete wage statements, failing to make timely payment of wages, and associated penalties.

6.      Plaintiffs request a jury to determine questions of fact at trial.

**JURISDICTION AND VENUE**

7.      Pursuant to 28 U.S.C. §§1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding Plaintiffs' entitlement to full and prompt payment for all hours worked, and for overtime pay for all hours worked exceeding 40 in a workweek pursuant to federal law, the FLSA.

8.      Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the California Labor Code.

9.      This Court has jurisdiction Pursuant to 28 U.S.C. §1332.  Plaintiffs are citizens of the State of California and Defendant is a Delaware corporation with its principal place of business in the State of New York.  Defendant is neither headquartered, incorporated, or registered in the State of California.  The amount in controversy in this action exceeds $75,000.

10.      Pursuant to 28 U.S.C. §1391(a), venue is proper in this district because the events or omissions giving rise to this action occurred in the Central District of California, and the County of Los Angeles, California.

11.      Plaintiffs' claims are properly consolidated as a single action because their claims involve the same defendant, arise from the same nexus of facts and circumstances, during the same period, and involve overlapping issues of fact and law.

**THE PARTIES**

*The Plaintiffs*

12.      Plaintiff Gutierrez-Bejar lives within the county of Los Angeles, was engaged by Defendant within the County of Los Angeles, and during the period relevant hereto worked for Defendant in the County of Los Angeles.

13.      Plaintiff  Portillo lives within the county of Los Angeles, was engaged by Defendant within the County of Los Angeles, and during the period relevant hereto worked for Defendant in the County of Los Angeles.

14.      Plaintiff Magaña lives within the county of Los Angeles, was engaged by Defendant within the County of Los Angeles, and during the period relevant hereto worked for Defendant in the County of Los Angeles.

15.     Plaintiffs were employed by SOSi during the Class Period as immigration court interpreters.

***The Defendant***

16.     Upon information and belief, SOS International LLC ("SOSi") is a Delaware company, headquartered in New York, engaged in the business of servicing federal contracts, particularly with respect to language interpretation.  With respect to the allegations asserted by Plaintiffs, in or about July 2015, SOSi was awarded an exclusive contract by the Department of Justice to provide interpreter services to the federal immigration courts, which are themselves a branch of the Department of Justice which, upon information and belief, is administered by a sub-agency or branch, the Executive Office of Immigration Review ("DOJ" and "EOIR", respectively).

17.     SOSi does business within the state of California, and employs managerial and/or supervisorial employees within the state of California.

18.     SOSi employed Plaintiffs and a significant number of the members of the classes they seek to represent within this judicial district.

19.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 10, and therefore sue them by fictitious names.  Plaintiffs will amend their complaint to allege the true names and capacities of the DOE Defendants when ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and proximately caused Plaintiffs' damages.

20.     Plaintiffs are informed and believe, and thereon allege, that the Defendant is, and at all times material herein was, commonly owned and controlled, and was the agent, alter-ego, or other representative of each of the remaining DOE Defendants.  Each DOE Defendant at all material times herein committed the acts and omissions herein alleged within the course and scope of its representative or employment capacity and with the full knowledge, consent, authority and ratification of the Defendant named herein.  Plaintiffs are informed and believe, and thereon allege, that each of the Defendants is, and at all times material herein was, acting in concert and combination with each of the remaining Defendants pursuant to a common plan and course of conduct and is jointly and severally liable for the acts or conduct of every other Defendant.

21.     Defendant SOSi and Does 1-100 constitute a single enterprise and/or are working in concert are herein referred to as "Defendant."

## FACTUAL ALLEGATIONS

### *Defendant's Business and Operations*

22.     By service of this Complaint, Defendant is directed to preserve and maintain in its original electronic format, all electronic data associated with the Plaintiffs' and the Classes' work assignments, work hours, payment and payment computations during the Class Period, COI forms, and other materials reflecting such work, including any alterations made thereto.

23.     Beginning on or about December 2015, Defendant began performance on an exclusive contract from the federal government, specifically the Department of Justice, to provide interpreters to the nation's immigration courts, that is all such courts within the states, districts, and territories of the United States of America.

24.     The immigration courts are administered by the Department of Justice and its sub-agency, the Executive Office of Immigration Enforcement Review.

25.     Defendant engaged Plaintiffs and the members of the classes they seek to represent to provide interpreting services to the immigration courts for the purpose of rendering foreign-languages into English, and vice-versa for the immigration courts.

26.     Defendant designated Plaintiffs and the members of the class they seek to represent as independent contractors when, as alleged below, they were in fact employees of Defendant.

27.     The locations at which Plaintiffs and the members of the California Class worked were subject to California law.

### *Defendant's Misclassification Scheme*

28.     California law establishes a public policy against workers' misclassification as independent contractors (e.g. California Labor Code 226.8).

29.     Under California and federal law, one is presumed to be an employee of another when s/he is engaged by the other for pay.

30.     Under California and federal law an employment relationship exists where either directly, indirectly or as a result of the "economic realities" one or more principals retains the right

1    to control the means and manner by which the worker performs the services for which he is paid.

2        31.    At all relevant times hereto, Defendant has controlled the means and manner by which

3    Plaintiffs and the members of the FLSA and California Classes perform their work, through direct,

4    indirect control and as a result of the economic realities.

5        32.    In addition, at all relevant times hereto, Defendant has retained the right to discharge

6    at will the Plaintiffs and the members of the class they seek to represent.  Defendant has frequently

7    exercised such right.

8        33.    Further, Plaintiffs and the members of the classes they seek to represent work under

9    the direction of Defendant and its agents when performing their interpreting services, and

10    interpretation and court interpretation work is typically performed under the direction of others.

11        34.    Defendant frequently issues directives to the interpreters as to how to perform their

12    work and conduct themselves.

13        35.    Defendant employs supervisors to oversee and direct interpreters as to the

14    performance of their job, and who assess interpreters as to their job performance, and who have the

15    right to issue discipline on behalf of Defendant and terminate interpreters' employment.

16        36.    Defendant has disciplined interpreters for alleged failings in their performance of

17    duties, with such discipline including suspensions and warnings.

18        37.    Defendant and its agents control both the mode and manner of the interpreting work

19    performed by Plaintiffs and the members of the classes they seek to represent.

20        38.    Plaintiffs and the members of the classes they seek to represent are regularly and

21    consistently engaged by Defendant as interpreters at the immigration courts.

22        39.    Defendant's business is the provision of interpreter and language services, and

23    therefore Plaintiffs and the members of the class they seek to represent are engaged to perform the

24    work that is central to Defendant's business.

25        40.    Defendant provides tools required to perform courtroom interpretation, and provides

26    and arranges for training of the interpreters it employs.

27        41.    Plaintiffs and the members of the class they seek to represent are paid for the amount

28    of time employed by Defendant, and not by the job.

42.     When engaged by Defendant, Plaintiffs and the members of the classes they seek to represent must work until released or dismissed from duty; they are not free to depart for the work day until directed.

43.     Plaintiffs and the members of the classes they seek to represent had no entrepreneurial opportunity with respect to their interpreting work at the immigration courts.  Indeed, Defendant specifically prohibits interpreters from soliciting business clients at the immigration courts and Defendant holds an exclusive contractual right to provide interpreters services to the immigration courts.

44.     Immigration court interpreters have worked long tenures and enjoyed a level of permanency in such work.

45.     Plaintiffs and the members of the classes they seek to represent have not invested in equipment or material in order to perform interpreting work for Defendant.

46.     The terms, policies, and right to control Plaintiffs and the members of the classes they seeks to represent, were formalized by Defendant and applied uniformly with respect to all Class members.  Indeed, Defendant promulgated personnel policies, employment handbooks and other written materials directing the means and manner of work that were uniformly applied and enforced with respect to Plaintiffs and the members of the classes they seek to represent.

47.     Plaintiffs and the members of the classes they seek to represent are employees of Defendant.

### Defendant's Employment Practices

48.     Defendant has failed to pay the immigration court interpreters for all time worked, including but not limited to time spent before and after scheduled court hearings when interpreters were required to arrive at least 30 minutes in advance of their assigned court hearings per company policy and when interpreters were required to undergo security screenings, time spent obtaining assignments following reporting to duty, time in between hearings where interpreters were required to obtain and wait for additional assignments, time spent setting-up, and putting-away courtroom audio equipment, assisting with the distribution of court notices and other administrative tasks. Such time is compensable under federal and California law, and is time for which Plaintiffs and the

interpreters were not paid.

49.     Defendant failed to pay Plaintiffs and the interpreters at the time when wages were due, payable and owing.  Defendant required, in many instances, interpreters to wait more than one month to receive payment for their work, and in some cases two or more months.

50.     When Defendant terminated or disqualified interpreters (and/or "non-renewed" them in the parlance of Defendant), Defendant did not promptly remit to them their owed wages, and failed to do so within the time required under California law and the FLSA.

51.     Plaintiffs and members of the classes they seek to represent on occasion worked more than eight hours in a day and more than forty hours in a week.

52.     When Plaintiffs and interpreters worked more than eight hours in a day, or more than forty hours in a week, Defendant failed to pay interpreters for such hours at the rate of time-and-a-half.

53.     Plaintiffs and members of the California Class incurred expenses in the performance of their work that was necessary and required by Defendant.  Such expenses were incurred in direct consequence of the discharge of their duties as directed or assigned by Defendant.

54.     Defendant had direct knowledge that Plaintiffs and California Class members incurred necessary expenses.

55.     Such unreimbursed expenses including, but are not limited to, mileage expenses involved in driving to assigned remote court locations away from their "home base," car rental fees and other local transportation expenses necessitated by travel assignments to immigration court locations in different cities, and subsistence expenses including meals when required to travel for out-of-town assignments.

56.     Defendant failed to promptly pay all wages owed to Plaintiffs and interpreters upon termination of employment.  Defendant terminated the employment of interpreters and failed to pay them all wages owing immediately upon termination, instead delaying the payment of final wages by one month or more, and in some cases not paying interpreters for all the work they performed.

57.     Defendant issued payment to Plaintiffs and interpreters by check; however, Defendant failed to provide such payments with a written statement that contained all information required by

California law.  As a result, Defendant failed to provide Plaintiffs and interpreters with an itemized wage statement containing the requisite information and detail.  Specifically, Defendant failed to provide wage statements containing the total hours worked, the inclusive dates of the pay period, the applicable hourly rate, among other items, as required under California law.

58.     Plaintiffs and the California Class were injured by this failure, as they were unable to confirm the accuracy – or lack of accuracy – of the wages paid them.

59.     Defendant assigned Plaintiffs and the other interpreters to appear at locations at specified dates and times, and for specified durations.

60.     On occasion, Plaintiffs and interpreters were not engaged to work upon reporting to work, for example when Defendant assigned two interpreters to cover a single hearing, in instances when hearings were continued or cancelled, and as a result of other scheduling errors.

61.     On such instances, Plaintiffs and interpreters reported to work but were not paid "reporting time" pay in accordance with California law, specifically the applicable Industrial Welfare Commission Wage Order.

<strong>THE FLSA COLLECTIVE ACTION ALLEGATIONS</strong>

62.     Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly-situated persons who were/are employed by Defendant as immigration court interpreters within the United States and its territories but who were designated and/or treated as "independent contractors" by Defendant.

63.     The basic job duties of the FLSA Class were/are the same as or substantially similar to those of Plaintiffs, and the members of the FLSA Class were/are paid in the same manner and under the same terms and conditions, common policies, plans and practices as Plaintiffs.

64.     The FLSA Class, like Plaintiffs, have been subject to the same unlawful policies, plans and practices of Defendant, including misclassifying them as non-employees and failing to pay and make prompt payment for all hours worked.

65.     During the Class Period, Defendant was aware of its obligation under the FLSA and knowingly engaged in the allegations set forth herein.

66.     As a result of Defendant's conduct as alleged herein, Defendant violated 29 U.S.C.

§206 by failing to pay to the FLSA Class and Plaintiffs the prevailing minimum wage for all hours worked with respect to off-the-clock duties and for failing to make timely payment, for a matter of months, for hours worked, as alleged herein.

67.     As a result of Defendant's conduct as alleged herein, Defendant violated 29 U.S.C. §207.

68.     Defendant's violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Class.

69.     As a result of Defendant's conduct, Defendant is liable to Plaintiffs and the FLSA Class for the full amount of their unpaid wages including liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Class in pursuing this action.

70.     While the exact number of the FLSA Class is unknown to Plaintiffs at the present time, upon information and belief the number likely exceeds 1000 similarly-situated persons who were/are employed by Defendant as an immigration court interpreter.

71.     Plaintiffs are currently unaware of the identities of the FLSA Class.  Accordingly, Defendant should be required to provide Plaintiffs with a list of all persons engaged by Defendant as immigration court interpreters during the Class Period, along with their last known addresses, telephone numbers and e-mail addresses so that Plaintiffs and their counsel may provide the FLSA Class notice of this action and an opportunity to make an informed decision about whether to participate in this FLSA Collective Action.

## RULE 23 CLASS ACTION ALLEGATIONS

72.     Plaintiffs bring their California Labor Code claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and on behalf of all other similarly-situated persons who during the Class Period were/are employed by Defendant as immigration court interpreters but improperly classified by Defendant as "independent contractors," and who were not paid at their regular rate of pay for all hours worked, nor paid their wages at the time those wages were due and payable, nor paid at the overtime rate of one and one-half times their regular rate for all overtime hours worked, nor reimbursed for expenses, nor promptly paid wages owed upon severance or termination, nor paid all wages owed upon termination of employment, who were not

provided accurate and itemized pay stubs, nor paid promptly in accordance with California law, nor paid reporting time for occasions when they were required to report for work but then dismissed, as alleged above.

73.    The basic job duties of the California Class were/are the same as or substantially similar to those of Plaintiffs' and they were/are paid in the same manner and worked under the same terms and conditions of employment, and under the common policies, plans and practices as Plaintiffs.

74.    The members of the California Class, like Plaintiffs, have been subject to the same unlawful policies, plans and practices of Defendant, including:

a.    Failure to pay interpreters for all time worked, including time spent before and after scheduled court hearings, when interpreters were required to arrive at least 30 minutes in advance of their assigned court hearings per company policy and when interpreters were required to undergo security screenings, set up, put away, and charge courtroom audio equipment, and assist with the distribution of court notices and other administrative tasks, compensable time for which they were not paid.

b.    Failure to pay interpreters at the time when those wages were due and payable, requiring, in many instances, interpreters to wait more than one month to receive payment for their services, and in some cases significantly more than one month.

c.    Failure to pay at the rate of time-and-a -half for overtime hours on occasions when interpreters were required to work more than eight hours in one day, or more than forty hours in one week.

d.    Failure to pay necessary expenses incurred in direct consequence of the discharge of their duties, including, but not limited to mileage expenses involved in driving to remote court locations away from their "home base," car rental fees and other local transportation expenses necessitated by travel assignments to immigration court locations in different cities, and subsistence expenses including meals when required to travel for out-of-town assignments.

f.    Failure to promptly pay all wages owed upon termination of employment. Defendant terminated the employment of interpreters and failed to pay them all wages owing

immediately upon termination, instead delaying the payment of final wages by one month or more, and in some cases not paying interpreters for all work performed.

g.      Failure to include on wage statements the total hours worked, the inclusive dates of the pay period, and the applicable hourly rates, among other items, as required under California law.

h.      Failure to pay interpreters for reporting time pay on occasions when interpreters were required or scheduled to appear at court hearings and those hearings were cancelled, postponed, or when Defendant scheduled more than one interpreter for the same hearing, or other errors that prevented interpreters from working at the appointed time and place.

75.      During the Class Period, Defendant was fully aware of the duties performed by Plaintiffs and the members of the California Class, and with respect to the allegations set forth below, knowingly misclassified Plaintiffs and members of the Class they seek to represent as "independent contractors" and failed to adhere to the obligations respecting employment required under the California Labor Code.

76.      As a result of Defendant's conduct as alleged herein, Defendant violated the specified provisions of the California Labor Code as to the California Class.

77.      Defendant's violations of the California Labor Code and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the California Class.

78.      As a result of Defendant's conduct, Defendant is liable to Plaintiffs and the California Class for the full amount of wages for all hours worked and overtime wages, plus an additional amount as liquidated damages, as well as civil penalties for the violations alleged herein, plus reasonable attorneys' fees and costs incurred by Plaintiffs and the California Class.

79.      Certification of the California Class' claims as a class action pursuant to Rule 23 is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the members of the California Class.

80.      Plaintiffs have standing to seek relief as the California Class' representative because the damages they have suffered from Defendant's unlawful misclassification and compensation

policies and practices are typical and common to the California Class.  Further, the class is sufficiently numerous, likely exceeding 180 members, such that, without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications, conflicting obligations and exhaustion of judicial resources.

81.   Certification of the California Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the California Class and Defendants.

82.   Plaintiffs' claims raise questions of law and fact common to the California Class. Among these questions are, *inter alia*:

a.   Whether Defendant failed to pay Plaintiffs and the California Class for all hours worked during the Class Period;

b.   Whether Defendant misclassified Plaintiffs and the California Class as non-employee independent contractors.

c.   Whether Defendant failed to pay Plaintiffs and the California Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of eight hours in a day during the Class Period;

d.   Whether Defendant failed to reimburse or indemnify Plaintiffs and the California Class for expenses incurred on behalf of Defendant in violation of Labor Code section 2802;

e.   Whether Defendant paid all wages owed to severed or terminated employees who were members of the California class as required by California Labor Code section 201.

f.   Whether Defendant failed to pay Plaintiffs and the California Class their wages within the time required under California Labor Code section 204;

g.   Whether Defendant failed to provide Plaintiffs and the California Class the required information on wage statements as required by California Labor Code section 226;

h.   Whether Defendant failed to pay Plaintiffs and the California Class the required reporting pay on occasions when they reported for work but no work was available through

---

1  no fault of their own, as required by Industrial Welfare Commission Wage Order No. 4-2001,

2  section 5.

3        i.      Whether Defendant's violations were willful;

4        j.      The adjudication of any affirmative defenses, should any be asserted.

5  83.    These common questions of law and fact arise from the same course of events,

6  transactions, time periods, and practices, and each class member will make similar legal and factual

7  arguments to prove liability.

8  84.    Plaintiffs are members of the California Class that they seek to represent.  Plaintiffs'

9  claims are typical of the claims of the California Class.  The relief Plaintiffs seek for the unlawful

10 policies and practices complained of herein are also typical of the relief which is sought on behalf of

11 the California Class.

12 85.    Plaintiffs' interests are co-extensive with those of the California Class that they seek to

13 represent in this case.  Plaintiffs are willing and able to represent the California Class fairly and to

14 vigorously pursue their similar claims in this action.

15 86.    Plaintiffs have retained counsel qualified and experienced in employment class action

16 litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of

17 this size and complexity.

18 87.    Plaintiffs' counsel has been designated Class Counsel and Class Co-Counsel in

19 numerous employment class actions.  The combined interests, experience and resources of Plaintiffs

20 and their counsel to litigate the individual and California Class claims at issue in this case satisfy the

21 adequacy of representation requirement of Federal Rule of Civil Procedure 23(a)(4).

22 88.    The common issues of fact and law affecting Plaintiffs' claims and those of the

23 California Class members, including the common issues identified above, predominate over any

24 issues affecting only individual claims.

25 89.    A class action is superior to other available means for the fair and efficient

26 adjudication of Plaintiff's claims and the claims of the California Class.  There will be no difficulty

27 in the management of this action as a class action.

28 90.    The cost of proving Defendant's violations of the California Labor Code makes it

impracticable for Plaintiffs and the California Class to pursue their claims individually.

91.     Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the California Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the California Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendant's liability.

92.     The California Class is so numerous that joinder of all members is impracticable. While the exact number of the California Class is unknown to Plaintiffs at the present time, it exceeds 180 other similarly-situated persons who employed by Defendant in the state of California.

93.     Plaintiffs are currently unaware of the identities of the California Class.  Accordingly, Defendant should be required to provide Plaintiffs with a list of all persons engaged by Defendant in California as immigration court interpreters during the Class Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can provide to the California Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime in Violation of 29 U.S.C. § 207)**
**[FLSA Class]**

94.     Plaintiffs, on behalf of themselves and the members of the FLSA Class, hereby reallege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

95.     The FLSA requires covered employers, such as Defendant, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

96.     Defendant frequently did not pay Plaintiffs and the members of the class they seek to represent for all hours worked, including hours that exceeded forty hours per week.

97.     Defendant delayed payment to Plaintiffs and the members of the class they seek to represent their earned pay for time worked for Defendant several months, thus Plaintiffs and the members of the class did not receive their pay for such work during such period and are entitled to

liquidated damages pursuant to the FLSA.

98.     Plaintiffs and the FLSA Class were not exempt from the provisions of the FLSA.

99.     Plaintiffs and the FLSA class were employees of Defendant during the Class Period.

100.    Defendant's violations of the FLSA, including its failure to pay Defendants for time worked, were both knowing and willful within the meaning of the FLSA.

101.    The foregoing conduct of Defendant constitutes willful violations of the FLSA.

102.    Defendant's violations of the FLSA have significantly damaged Plaintiffs and the members of the class they seek to represent, and entitle them to recover the total amount of their unpaid wages and overtime wages, including an additional amount in liquidated damages, attorneys' fees and costs incurred in prosecuting this action.

## SECOND CAUSE OF ACTION
### (Failure to Pay Minimum Wage; Action for Liquidated Damages Pursuant to 29 U.S.C. § 206) [FLSA Class]

103.    Plaintiffs, on behalf of themselves and the members of the FLSA Class, hereby reallege and incorporate by reference the preceding paragraphs as though they were fully set forth herein.

104.    The FLSA requires covered employers, such as Defendant to pay all non-exempt employees the prevailing minimum wage for all hours worked.

105.    Plaintiffs and the FLSA Class were not exempt from the requirement that Defendant pay them the prevailing minimum wage under the FLSA.

106.    During the Class Period, Defendant did not pay Plaintiffs and members of the FLSA Class for all hours Defendant directed, engaged, suffered or permitted them to work for it.

107.    As a result of Defendant's failure to pay Plaintiffs and the members of the FLSA Class for all hours worked, they did not receive the prevailing minimum wage for such hours worked.

108.    In addition, and distinctly, Defendant failed to pay Plaintiffs and the FLSA Class for work performed, on a timely or prompt basis, but instead delayed payment for months or more at a time.  As a result of such delay, Defendant failed to pay Plaintiffs and the FLSA Class as required under the requirements of the FLSA for such time and is therefore liable for liquidated damages in an amount equal to the wages not promptly paid.

109.    Defendant's conduct in this regard was willful and knowing, and constitutes willful violations of the FLSA.

110.    Defendant is jointly and severally liable to Plaintiffs and the members of the FLSA Class for all unpaid wages and liquidated damages.

111.    Defendant's violations of the FLSA have significantly damaged Plaintiffs and the FLSA Class and entitle them to recover the total amount of their unpaid or delayed minimum wage, an additional equal amount in liquidated damages, and reasonable attorneys' fees and costs incurred in prosecuting this action.

**THIRD CAUSE OF ACTION**
**Failure to Pay Wages and Overtime Wages**
**(Violation of California Labor Code §§ 210, 218 & 1194)**
**[California Class]**

112.    Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs, as though fully set forth herein.

113.    Section 1194 of the Labor Code requires an employer to pay employees in accordance with Wage Orders issued by the Industrial Welfare Commission.

114.    The State of California, under authority of statute and through the Department of Industrial Relations and Industrial Welfare Commission has issued a Wage Order No. 4, applicable to, *inter alia*, interpreters (or alternatively, Wage Order No. 9 is applicable which contains identical relevant terms) ("Wage Order").

115.    Defendant has suffered and permitted employees to perform work off the clock without receiving payment for their time worked.

116.    In addition, and distinctly, Defendant has required, suffered and permitted Plaintiffs and the California Class to work for periods without paying them for such time, including time that must be paid at the overtime rate.

117.    As a direct result of Defendant's conduct alleged herein, Plaintiffs and the California Class have suffered, and are entitled to recover pursuant to Labor Code section 1194, monetary damages in an amount equal to the sum of their unpaid wages, plus interest thereon, and liquidated damages pursuant to Labor Code section 1194.2.

118.   Such practices described above has also resulted in the Employer's failure to properly pay overtime wages to Plaintiffs and class members.

119.   Plaintiffs have retained the services of attorneys herein to maintain and prosecute this action, and Plaintiffs area entitled to recovery of reasonable attorneys' fees and costs incurred on Plaintiffs' behalf in the prosecution of this action pursuant to Labor Code section 1194.

**FOURTH CAUSE OF ACTION**
**Failure to Timely Pay Earned Wages**
**(Violation of California Labor Code § 204)**
**[California Class]**

120.   Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs, as though fully set forth herein.

121.   At all times material hereto, Labor Code section 204(b)(1) has required employers to pay employees "all wages earned for labor in excess of the normal work period . . . no later than the payday for the next regular payroll period."

122.   Plaintiffs and the California Class were employed by Defendant and entitled to receive full payment of all earned wages as set forth in Labor Code section 204.

123.   Defendant systematically failed and refused to provide Plaintiffs and the California Class with their earned wages within the time frames required under the Labor Code.

124.   In addition, Defendant has suffered and permitted Plaintiffs and California Class members to perform work off the clock without receiving payment for their time worked.

125.   As a direct result of Defendant's conduct as alleged herein, Plaintiffs have suffered monetary damages and are entitled to recover a sum according to proof of all unpaid wages plus interest thereon.

126.   Plaintiffs have retained the services of attorneys herein to maintain and prosecute this action, and Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**(Violation of California Labor Code § 226)**
**[California Class]**

127.   Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs, as though fully set forth herein.

128.    At all times relevant hereto, Labor Code section 226 has required employers to furnish each employee, at the time wages are paid, an accurate itemized statement in writing showing, *inter alia*, gross wages, total hours worked, all deductions, net wages earned, and dates for which the employee is being paid.

129.    Defendant systematically failed to accurately itemize the total hours worked by Plaintiffs and the members of the California Class on a check or vouchers issued for work performed in accordance with the requirements of Labor Code section 226.

130.    As a result of Defendant's conduct as alleged herein, Plaintiffs and the California Class are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding four thousand dollars ($4,000) per employee.

131.    Pursuant to Labor Code section 226(g), Plaintiffs and the California Class are entitled to injunctive relief.

132.    Plaintiffs have retained the services of attorneys herein to maintain and prosecute this action, and Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs incurred in prosecuting this claim.

**SIXTH CAUSE OF ACTION**
**Unpaid Wages to Severed Employees**
**(Violation of California Labor Code §§ 201, 202 & 203)**
**[California Class]**

133.    Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs, as though fully set forth herein.

134.    At all times material hereto, Labor Code sections 201 and 202 have required employers to pay employees all earned and unpaid wages at the time of their severance from employment.

135.    Defendant failed to pay wages due class members upon severance from employment and has failed to pay wages owed to severed employees within the time frames required under the Labor Code.

136.    Plaintiffs and the California Class are entitled to recover from Defendant in addition to their earned and unpaid wages, a penalty under Labor Code section 203 equal to a day's wages for

each day Defendant failed to remit payment to Plaintiffs and the California Class upon their severance or termination of employment, to a maximum of thirty days' wages, plus interest thereon, and attorneys' fees and costs of suit.

137.    Plaintiffs have retained the services of attorneys herein to maintain and prosecute this action, and Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs incurred in prosecuting this claim.

**SEVENTH CAUSE OF ACTION**
**Failure to Reimburse Employees**
**(Violation of California Labor Code § 2802)**
**[California Class]**

138.    Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs, as though fully set forth herein.

139.    At all times material hereto, Labor Code section 2802(a) provides that an employer must indemnify and reimburse employees for all necessary expenditures and losses incurred by employees in the discharge of their duties, or their obedience to the directions of an employer.

140.    Plaintiffs and the California Class incurred necessary expenditures in the discharge of their duties for Defendant, including but not limited to mileage expenses involved in driving a personal vehicle to remote court locations away from their "home base," car rental fees and other local transportation expenses necessitated by travel assignments to immigration court locations in different cities, and subsistence expenses including meals when required to travel for out-of-town assignments.

141.    Each of these expenditures were required by Defendant and necessary for Plaintiffs and the members of the California Class to discharge their duties.  Despite the requirements of Labor Code section 2802, Defendant failed to reimburse Plaintiffs and the members of the class they seek to represent for these expenditures.

142.    As a direct result of Defendant's conduct alleged herein, Plaintiffs and the California Class have suffered monetary damages in an amount equal to the sum of their unreimbursed expenditures or losses incurred in the discharge of their duties, plus interest thereon.

1
2

### EIGHTH CAUSE OF ACTION
### Failure to Pay Reporting Time Pay
### (Industrial Welfare Commission Wage Order 4-2001, § 5; Labor Code §§ 218 & 1194)
### [California Class]

3      143.    Plaintiffs re-allege and incorporate by reference the allegations in the preceding

4   paragraphs as though fully set forth therein.

5      144.    At all times material hereto, Industrial Welfare Commission Wage Order 4-2001,

6   section 5 requires employers to pay employees reporting time on occasions when they are required

7   to report for work, and do report, but are not put to work or are furnished less than half of their usual

8   or scheduled day's work.  Reporting time must be no less than two hours nor more than four hours at

9   the employee's regular rate of pay.

10     145.    Violations of the wage and hour provisions of IWC Wage Orders may be enforced

11  privately through Labor Code section 218 and 1194

12     146.    Despite the requirements of the Industrial Welfare Commission Wage Order 4-2001,

13  Defendant failed to pay reporting pay when Plaintiffs and the members of the California Class were

14  required to report to work and did report, but were furnished less than half of their scheduled day's

15  work.

16     147.    As a result of Defendant's conduct alleged herein, Plaintiffs and the members of the

17  California Class have suffered damages in the amount of the unpaid reporting time on days when

18  Plaintiffs and California Class members reported to work but were furnished less than half of their

19  scheduled day's work.

20                          ### PRAYER FOR RELIEF

21  WHEREFORE, Plaintiffs pray for judgment as follows:

22     1.    For the California Class to be certified as a class with respect to the California Labor

23  Code Claims;

24     2.    For Plaintiffs to be appointed as representatives of the class;

25     3.    For counsel for Plaintiffs to be appointed as class counsel;

26     4.    Declare that the practices complained of herein are unlawful under applicable

27  federal and state law;

28

5.    Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216, and direct Defendants to provide Plaintiffs with a list of all persons who were/are engaged by Defendants as immigration court interpreters during the Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

6.    Determine the damages sustained by Plaintiffs and the FLSA and California Classes as a result of Defendant's violations, and award those damages in favor of Plaintiffs and the FLSA Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

7.    Award Plaintiffs and the FLSA Class liquidated damages because Defendant's violations were willful and/or without a good faith basis;

8.    Declare this action to be maintainable as a class action pursuant to Federal Rule of Civil Procedure 23, and direct Defendant to provide Plaintiffs with a list of all persons who were/are engaged by Defendant in as immigration court interpreters during the Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

9.    Designate Plaintiffs as representatives of their class, and their counsel of record as class counsel;

10.    Determine the damages and civil penalties as a result of Defendant's violation of the California Labor Code, and award such damages and penalties against Defendant and in favor of the Plaintiffs and the California Class, plus such pre-judgment and post-judgment interest as allowed by law including;

11.    Award Plaintiffs, the FLSA Class and the California Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

12.    Enjoin Defendant from engaging in any acts of illegal retaliation and to cease from engaging in the illegal practices alleged herein;

1        13.    Grant Plaintiffs, the FLSA Class and the California Class such other and further relief

2  that the Court deems just and proper including appropriate injunctive relief; and

3        14.    For any other relief as the Court may award.

4

5  Dated: March 10, 2017                  BEESON, TAYER & BODINE, APC

6

7                               By:    */s/ Lorrie E. Bradley*
                                        Sheila K. Sexton

8                                          Costa Kerestenzis

9                                          Lorrie E. Bradley
                           Attorneys for Plaintiffs Jo Ann Gutierrez-Bejar,

10                            Maria Portillo and Stephany Magaña, on behalf
                           of themselves and all other similarly-situated

11                            persons

12

13                         **DEMAND FOR JURY TRIAL**

14       Plaintiffs hereby request a jury trial.

15

16 Dated: March 10, 2017                  BEESON, TAYER & BODINE, APC

17

18                              By:    */s/ Lorrie E. Bradley*
                                          Sheila K. Sexton

19                                         Costa Kerestenzis

20                                         Lorrie E. Bradley
                           Attorneys for Plaintiffs Jo Ann Gutierrez-Bejar,

21                            Maria Portillo and Stephany Magaña, on behalf
                           of themselves and all other similarly-situated

22                            persons

23

24

25

26

27

28