CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

| | | |
|---|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEY'S FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT (INCENTIVE) AWARDS (DKT. 121)  JS-6

## I.   Introduction

Jo Ann Gutierrez Bejar ("Gutierrez-Bejar") brought this putative class action against SOS International, LLC ("SOSi"). Dkt. 1. Maria Portillo ("Portillo"), Stephany Magaña ("Magaña") and Gutierrez-Bejar (collectively, "Plaintiffs") filed an amended complaint on March 13, 2017 ("FAC" (Dkt. 16)). On December 13, 2018, Plaintiffs sought leave to file a second amended complaint ("SAC" (Dkt. 106-3)) for settlement purposes only. Dkt. 106 ¶¶ 4, 5. The SAC included certain additional causes of action.

The SAC alleges that Plaintiffs and other interpreters employed by SOSi throughout the United States were misclassified as independent contractors. The SAC advances the following eleven causes of action under the Fair Labor Standards Act ("FLSA") and the California Labor Code:

  i. Failure to pay overtime in violation of 29 U.S.C. § 207;
 ii. Failure to pay minimum wage; liquidated damages pursuant to 29 U.S.C. § 206;
iii. Failure to pay wages and overtime wages in violation of Cal. Lab. Code §§ 210, 218, 1194;
 iv. Failure to timely pay earned wages in violation of Cal. Lab. Code § 204;
  v. Failure to provide accurate itemized wage statements in violation of Cal. Lab. Code § 226;
 vi. Unpaid wages to severed employees in violation of Cal. Lab. Code §§ 201, 202, 203;
vii. Failure to reimburse employees in violation of Cal. Lab. Code § 2802;
viii. Failure to pay reporting time pay in violation of Industrial Welfare Commission ("IWC") Wage Order 4-2001, § 5; Cal. Lab. Code §§ 218, 1194;
 ix. Failure to authorize or permit rest breaks in violation of Cal. Lab. Code §§ 226.7, 512; IWC Wage Order 4-2001;
  x. Unfair competition and unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq.; and
 xi. Representative action for civil penalties pursuant to the California Private Attorneys General Act ("PAGA").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

The parties entered a settlement agreement in this action "after meeting in person on April 17, 2018, in Los Angeles, and thereafter exchanging detailed written proposals and data, conferring telephonically and diligently working through the [outstanding issues]." Declaration of Costa Kerestenzis ("First Kerestenzis Decl."), Dkt. 106-2 ¶ 4. On September 7, 2018, the parties submitted a notice of a settlement in principle. Dkt. 97.

On December 13, 2018, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion" (Dkt. 106)). On December 19, 2018, Plaintiffs made some additional filings in support of the Preliminary Approval Motion. Dkt. 108. In connection with the Preliminary Approval Motion, Plaintiffs also filed a Memorandum of Understanding between the parties ("MOU" (Dkt. 108-1 at 5-16)) and a Stipulated Settlement Agreement and Release of All Collective and Class Action Claims ("Settlement Agreement" (Dkt. 108-2)). Defendant filed a statement of non-opposition to the Motion. Dkt. 109.

The Preliminary Approval Motion sought the following rulings:

i. Preliminarily approve the settlement terms set forth in the MOU;
ii. Preliminarily approve the terms set forth in the Settlement Agreement;
iii. Grant Plaintiffs leave to file the SAC for settlement purposes only;
iv. Deem the SAC filed and served for settlement purposes only and the SAC answered and controverted by Defendant;
v. Preliminarily approve the Class Action Settlement of the California claims advanced in the SAC under Fed. R. Civ. P. 23;
vi. Conditionally certify the proposed California Settlement Class for settlement purposes only;
vii. Preliminarily approve the proposed FLSA settlement to the previously conditionally certified nationwide FLSA class (Dkt. 79);
viii. Approve the Proposed Notice of Class Action Settlement ("Proposed California Notice") and Proposed Notice of Collective Action Lawsuit and Settlement ("Proposed FLSA Notice") attached to the MOU (Dkt. 108-1 at 18-35), and direct the mailing of the Proposed California Notice to the California Settlement Class members and the Proposed FLSA Notice to the Nationwide Class members;
ix. Appoint Plaintiffs as Class Representatives for settlement purposes;
x. Appoint Beeson, Tayer & Bodine, and specifically Costa Kerestenzis and Lorrie Bradley, as Class Counsel for settlement purposes;
xi. Appoint Simpluris, Inc. as the third-party administrator ("Settlement Administrator") to administer the Settlement;
xii. Preliminarily approve an award of attorney's fees of $220,000 to Plaintiffs' counsel, and costs of $25,000;
xiii. Preliminarily approve Class Representative Enhancements in the amount of $10,000 to each named plaintiff;
xiv. Approve the form and method of the final approval process; and
xv. Set a hearing for final approval of the class action settlement.

Dkt. 106 at 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
|---|---|---|---|
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

The Preliminary Approval Motion was granted in part through the Order issued on April 10, 2019 ("Preliminary Approval Order" (Dkt. 119)). The modifications included a reduction in the enhancement award to each class representative to $7000. *Id.* at 28. The determinations of the amounts of the awards of attorney's fees and costs were deferred. The motion for final approval of the class action settlement was set for September 16, 2019. *Id.*

On August 19, 2019, the parties filed a Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees, Costs and Class Representative Enhancement (Incentive) Awards ("Final Approval Motion" (Dkt. 121)). The parties attached several documents to this filing, including some that were presented in connection with the Preliminary Approval Motion. They included the following: an updated declaration by Class Counsel Costa Kerestenzis (("Second Kerestenzis Decl."), Dkt. 121-2)); the MOU (Dkt. 121-2 at 18-28); the Settlement Agreement (Dkt. 121-3); the actual Notice of Class Action Settlement ("Actual California Notice") and Notice of Collective Action Lawsuit and Settlement ("Actual FLSA Notice") that were mailed to class members (Dkt. 121-4 at 2-9, 11-15); updated tables detailing the bases for the requested awards of attorney's fees and costs (Dkt. 121-4 at 17-27); and a declaration by Nick Castro, a case manager for the Settlement Administrator (Dkt. 121-5).

The Final Approval Motion was heard on September 16, 2019 and **GRANTED**, with this written order to follow. Dkt. 122.

## II. Factual Background

The Preliminary Approval Order includes a detailed discussion of the factual background to this action, as well as information about the parties and the allegations in the SAC. That discussion is incorporated by this reference, and a brief overview of these issues is also presented in this Order.

SOSi is a contractor that provides translation services for immigration courts administered by the U.S. Department of Justice Executive Office for Immigration Review. Dkt. 58-5 ¶ 4; Dkt. 106-3 ¶¶ 16, 23. The class consists of those interpreters who entered into "Independent Contractor Agreements" to provide interpretation services in certain immigration courts, and who then provided such services between July 1, 2015 and November 30, 2018.

It is alleged that, because members of the class were misclassified as independent contractors, they were denied full payment for hours worked, did not receive complete wage statements, were denied required overtime pay, did not receive prompt payment of wages, and did not receive meal periods, rest breaks, and premium pay when they were unable to take breaks during a work day. Dkt. 106-3 ¶¶ 2-5, 48-49, 52, 62-64.

## III. The Terms of the Settlement and Notice

### A. Overview

The Preliminary Approval Motion and its supplemental filings, the Final Approval Motion and its supplemental filings and the Preliminary Approval Order include detailed summaries of the Settlement Agreement. Those discussions are incorporated here by this reference. Complete copies of the Settlement Agreement were also filed in connection with the Preliminary Approval Motion and the Final

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
|---|---|---|---|
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

Approval Motion. Dkts. 108-2; 121-3. The Settlement Agreement accurately reflects the terms of the final settlement that the parties submit for approval, except as to the amount of the enhancement payments to the class representatives. Each class representative will receive $7000, which reflects a $3000 reduction from the proposed amount, for a total payment of $21,000. Dkt. 119 at 24-25. This $9000 deduction is added to the fund available to the California Class (Dkt. 121-2 at 7-8), as required by the Settlement Agreement (Dkt. 121-3 at 20).

      B.      Class Definitions

The Settlement Agreement includes two classes: the California Class and the FLSA Class. The California Class is defined as all current and former California based interpreters who entered into an Independent Contractor Agreement with SOSi to provide interpretation services in the United States Immigration Courts and provided interpretation services there at any time from July 1, 2015 through November 30, 2018. Settlement Agreement, Dkt. 121-3 at 4-5. The FLSA Class is defined as all current and former interpreters who entered into an Independent Contractor Agreement with SOSi to provide interpretation services in the United States Immigration Courts nationwide and provided interpretation services there at any time from July 1, 2015 through November 30, 2018. *Id.* at 5.

      C.      Class Period

The Settlement Agreement defines the Class Period as July 1, 2015 through November 30, 2018. *Id.*

      D.      Payment to Class Members

The Settlement Agreement provides for a Gross Fund of $750,000, which will be paid by SOSi. *Id.* at 6. The Settlement Agreement provides that attorney's fees, litigation costs, administration expenses, incentive awards to class representatives and PAGA payments will be deducted from the Gross Fund. *Id.* The Net Fund is the amount remaining from the Gross Fund after those deductions are made, *i.e.*, the funds available for disbursement to the class members. *Id.* at 7.

As the proposed deductions from the Gross Fund are approved, the Net Fund will be $453,250. Dkt. 121-2 at 7-8; *see also* Dkt. 119 at 6. The Settlement Agreement sets forth opt-out and opt-in procedures for the California Class and FLSA Class:

> All California Class Members who do not submit a valid and timely opt-out form shall be bound to the Release of Claims as set forth in the California Notice and will receive a "State Law Award." Further, all FLSA Class Members who affirmatively consent to opt-in to the FLSA Collective Action shall be bound to the Release of Claims as set forth in the FLSA Notice and will receive a "Federal Law Award."

Dkt. 121-3 at 16-17.

The Settlement Agreement allocates the $453,250 Net Fund as follows:

    i.    $411,250, or approximately 91% of the Net Fund (Dkt. 121-2 at 7-8), is allocated to members of the California Class "on a pro-rata basis, based on the number of interpretation work orders they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

performed under contract with SOSi as California Class Members during the Class Period as compared to the number of work orders performed by all California Class Members during the Class Period." Dkt. 121-3 at 17. Because there were approximately 52,000 total work orders by California Class Members during the Class Period, each work order has an approximate value of $7.70. *Id.* "There is no need for a California Class Member to submit a claim form in order to be eligible for and to receive a State Law Award. The entire amount of the Net Fund allocated to the State Law Awards will be paid out to California Class Members on a non-claims made basis." *Id.*

ii. $42,000, or approximately 10% of the Net Fund, is allocated to the FLSA Class. "Each FLSA Class Member will receive a Federal Law Award of an equal amount. The entire amount of the Net Fund allocated to Federal Law Awards will be paid out to those FLSA Class Members who have consented to opt-in to the FLSA Collective Action by submitting an opt-in form to the Settlement Administrator." *Id.*

iii. "Fifty percent (50%) of the State Law Awards to California Class Members will be allocated as wages and be called the 'Wage Portion.' From each individual's Wage Portion, payroll deductions will be made for state and federal withholding taxes and any other applicable payroll deductions owed by the Class Member as a result of the payment, resulting in a 'Net Wage Portion.' The employer-owed payroll taxes will be based on and calculated off of the value of the total Wage Portion. The remaining Fifty percent (50%) of all State Law Awards to California Class Members will represent the 'Non-Wage Portion' of the Settlement Awards and includes interest and penalties sought in the Action. No deductions will be made from the Non-Wage Portion State Law Awards. California Class Members will be issued W-2s for the Wage Portions of their Settlement Awards and IRS Form 1099s for the Non-Wage Portions. Once the allocations are made between the Wage Portion and Non-Wage Portion, and applicable payroll deductions are made for state and federal withholding taxes and any other applicable payroll deductions from the Wage Portion, the resulting amount shall be the individual's 'Net Settlement Amount.' The Net Settlement Amount will be the net amount paid to each California Class Member and is the individual's 'Settlement Payment.'" *Id.* at 17-18.

iv. "One-hundred percent (100%) of the Federal Law Awards to FLSA Class Members will be allocated as non-wages (liquidated damages). FLSA Class Members will be issued IRS Form 1099s for the Federal Law Awards." *Id.* at 18.

E. Deductions from the Gross Fund

As the proposed deductions from the Gross Fund are approved, the value of the Net Fund is $453,250. Dkt. 121-2 at ¶ 36. This calculation is summarized in the following table:

| | Amount | Percent of GFV |
|---|---|---|
| **Gross Fund Value ("GFV")** | $750,000 | 100% |
| Attorney's Fees | ($220,000) | 29.33% |
| Litigation Costs | ($25,000) | 3.33% |
| Enhancement Award to Gutierrez-Bejar | ($7,000) | 0.93% |
| Enhancement Award to Portillo | ($7,000) | 0.93% |
| Enhancement Award to Magaña | ($7,000) | 0.93% |
| Settlement Administration Costs to Simpluris, Inc. | ($24,000) | 3.20% |
| PAGA Payments (75% of $9,000 goes to California Labor | ($6,750) | 0.90% |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
|---|---|---|---|
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

| and Workforce Development Agency; 25% goes to California Class) | | |
|---|---|---|
| **Net Fund Value ("NFV")** | **$453,250** | **60.43%** |

See Dkt. 121-2 at ¶ 36.

1. Class Representative Enhancement Payments

Each of the three named Plaintiffs is to receive an enhancement payment of $7000 for her work, for a total of $21,000. See Dkt. 119 at 24-25 (reducing each enhancement payment from $10,000 to $7000). These awards would be paid to each named Plaintiff in addition to any distribution to which she is entitled as a class member. Dkt. 121-3 at 19-20.

2. Attorney's Fees and Litigation Costs

Class Counsel may apply for an award of attorney's fees of up to $220,000. Dkt. 121-3 at 16, 18. This is 29.33% of the Gross Fund Value. Id. Counsel may also request an additional award of $25,000 in litigation costs. Id. Any award granted will be paid from the Gross Fund; if less than the amount requested is awarded, the difference would be maintained in the Gross Fund and awarded to California Class Members. Id. at 18-19.

3. Settlement Administration Costs

Administrative expenses incurred by the Settlement Administrator in an amount not to exceed $24,000 will be paid from the Gross Fund. Id. at 16. Simpluris was appointed as the Settlement Administrator. Dkt. 119 at 27. The case manager from the Settlement Administrator declares that the sum of incurred and expected costs for administering the Settlement Agreement is $24,000. Dkt. 121-5 at 7.

4. PAGA Payments

$9000 of the Gross Fund will be allocated to PAGA penalties, of which $6750 will be paid to the California Labor and Workforce Development Agency ("LWDA"). Dkt. 121-3 at 16. The remaining $2250 would remain in the Gross Fund and be distributed to members of the California Class. Id. Thus, the allocation of the PAGA penalties will be 75% to the LWDA and 25% to the California Class Members. Id.

F. Notice

1. Plan for Effecting Notice

Within 20 calendar days of preliminary approval of the settlement, which occurred on April 10, 2019, SOSi was to provide the Settlement Administrator with the contact information and the number of work

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

orders performed during the Class Period as to each member of the FLSA Class and California Class. *Id.* at 20. Within ten calendar days of receiving this data from SOSi, the Settlement Administrator was to send the relevant class notice(s) to each class member by first class mail. *Id.* at 21.

The parties largely complied with these requirements. The Settlement Administrator received the Actual California Notice and Actual FLSA Notice from Plaintiffs' counsel on April 18, 2019. Dkt. 121-5 at 3. Defendant's counsel provided a mailing list to the Settlement Administrator on April 26, 2019. *Id.* The Settlement Administrator mailed the relevant class notice(s) to each class member by first class mail on May 16, 2019, which was 20 calendar days after the data had been received. *Id.*

Of the 1666 notices sent by the Settlement Administrator, 33 were returned by the U.S. Postal Service as undeliverable. *See* Dkt. 121-5 at 3-4. For those 33 class members, the Settlement Administrator performed "skip trace" searches and was able to locate updated addresses for 24 of them. *Id.* As a result, the Settlement Administrator sent notices to 1657 of the 1666 class members, which is a 99.5% success rate.

### 2. Information Provided About Rights of Class Members

The notices mailed to members of the California Class and FLSA Class provided information about their rights and options. The Actual California Notice explained the choices: participate in the class, opt out of the class or object to the Settlement. Dkt. 121-4 at 2-9. The Actual FLSA Notice set forth the opt-in process for class members who wanted to join in the settlement and explained what would happen if they did not do so. Dkt. 121-4 at 11-15.

### 3. Class Members' Responses to the Actual California Notice and Actual FLSA Notice

Members of the California Class or FLSA Class had 45 days from the mailing of the notice packet to opt out of or object to the settlement. Dkt. 121-3 at 30.

When the Final Approval Motion was filed, the Settlement Administrator had received complete opt-in notices from 233 members of the FLSA Class (14.0%). *See* Dkt. 121-5 at 4. This included 13 members whose forms were received after the deadline. The Settlement Administrator had followed up with class members who submitted incomplete forms. *Id.* Ultimately, only one submission remained incomplete. *Id.*

At the September 16, 2019 hearing, counsel for Plaintiffs stated that since the parties filed the Final Approval Motion, the Settlement Administrator had received late opt-in notices from three additional members of the FLSA Class. Dkt. 122. Counsel for Plaintiffs requested that these three members be permitted to join the final class action settlement. *Id.* Counsel for Defendants agreed, and the request was granted. *Id.* As a result, 236 members of the FLSA Class (14.2%) have opted into the settlement. *See id.*

The Settlement Administrator received two exclusions (opt-outs) from the California Class (0.12%). Dkt. 121-5 at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

The Settlement Administrator did not receive any objections to the settlement. *Id.*

  G.  Release of Claims

As explained in the Preliminary Approval Order, the Settlement Agreement results in the release of certain rights by the California Class members, FLSA Class members and named Plaintiffs. Dkt. 119 at 8-9.

**IV.** **Analysis**

  A.  Class Certification

The Preliminary Approval Order analyzed the basis for conditional certification of the California Class. Dkt. 119 at 9-15. Since the time the Preliminary Approval Order was issued, there have been no material changes that affect the analysis of the Rule 23 factors. That prior analysis is incorporated by this reference.

The March 13, 2019 Order also included a detailed analysis of the basis for conditional certification of the FLSA Class. Dkt. 79 at 6-9. Since the time that the March 13, 2019 was issued, there have been no material changes that affect the analysis of the requirements for a collective action under the FLSA. That prior analysis is incorporated by this reference.

For these reasons, at the September 16, 2019 hearing, the Final Approval Motion was **GRANTED** as to certification of the California Class and FLSA Class for settlement purposes.

  B.  Final Approval of the Settlement Agreement

    1.  Legal Standards

Fed. R. Civ. P. 23(e) requires a two-step process in considering whether to approve the settlement of a class action. *First*, in the preliminary approval process, a court must make a preliminary determination as to whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). At this stage, "the settlement need only be potentially fair." *Id.* This is due, in part, to the policy preference for settlement, particularly in the context of complex class action litigation. *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("[V]oluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation . . . .").

*Second*, if preliminary approval is granted, class members are notified and provided with instructions on how to object to, and/or opt out of, the settlement. Upon reviewing any responses, a court makes a final determination as to whether an agreement is "fundamentally fair, adequate, and reasonable." *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

Evaluating whether a settlement agreement is fair, adequate and reasonable involves the consideration of several factors. In the Ninth Circuit, courts have considered the following ones:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

(1) the strength of the plaintiff's case;
(2) the risk, expense, complexity and likely duration of further litigation;
(3) the amount offered in settlement;
(4) the extent of discovery completed and the stage of the proceedings;
(5) the experience and views of counsel;
(6) any evidence of collusion between the parties; and
(7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000).

Each factor does not necessarily apply to every class action settlement, and other factors may be considered. For example, courts often consider whether the settlement is the product of negotiations that are likely to produce a fair and reasonable outcome. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution . . . .").

As recently amended, Fed. R. Civ. P. 23(e) provides additional guidance in considering whether a proposed settlement is fair, adequate and reasonable. Fed. R. Civ. P. 23(e) directs a court to consider:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
   (i) the costs, risks, and delay of trial and appeal;
   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
   (iv) any agreement required to be identified under Rule 23(e)(3);[1] and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). As the comments of the Advisory Committee explain, "[t]he goal of [the] amendment [was] not to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry. Advisory Committee Comments to 2018 Amendments to Rule 23.

The settlement of collective actions under the FLSA is assessed under 29 U.S.C. § 216. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Under the FLSA, the issue is whether the settlement of collective-action claims "is a fair and reasonable resolution of a *bona fide* dispute." *Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1334 (N.D. Cal. 2014) (quoting *Yue Zhou v. Wang's Rest.*, No. C 05-0279-PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007)).

---

[1] Fed. R. Civ. P. 23(e)(3) provides that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

The test under the FLSA is similar to the standards that apply through Fed. R. Civ. P. 23(e); both focus on fairness and reasonableness. However, the FLSA adds an additional requirement: the dispute must be *bona fide*, *i.e.*, there must be some uncertainty about the extent of liability. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113-16 (1946).

    2.    <u>Application</u>

        a)    Analysis in the Preliminary Approval Order

The Preliminary Approval Order addressed many of the factors used by courts to determine whether a settlement is fair, adequate and reasonable, including the factors identified in Fed. R. Civ. P. 23(e). It found that:

i. Named Plaintiffs and Class Counsel have adequately represented the class. None of the named Plaintiffs or Class Counsel have conflicts of interest with other class members. Dkt. 119 at 12. They have vigorously pursued this action, and Class Counsel are experienced in labor-and-employment cases and in serving as class counsel. *Id.* at 12-13. Moreover, the substantial discovery conducted to date in the litigation supports the view that the parties reached a settlement informed by a sound understanding of the legal and factual issues at play. *Id.* at 17.
ii. The settlement appears to have been negotiated at arm's length. The agreement does not appear to be the product of fraud, overreaching or collusion. All signs point toward the view that the parties are legitimate adversaries. *Id.* at 17-18.
iii. Considering all the relevant factors, the relief provided is adequate. *Id.* at 18-21. Although the settlement amount is significantly less than the maximum potential value of the claims, the smaller settlement amount is justified by the substantial risk that Plaintiffs might lose at trial due to issues of factual proof unique to this case, which would have made it difficult to prove liability and its extent. *Id.*
iv. The method of distributing relief to class members is straightforward and easily implemented. *Id.* at 21-22.
v. Upon a preliminary examination, the proposed award of attorney's fees and costs appears reasonable because plaintiffs only seek recovery of approximately half of the lodestar and 29% of the GFV, and because plaintiffs only seek recovery of a proportion of their costs. *Id.* at 22, 25-27.
vi. The named Plaintiffs had executed separate settlement agreements as to an NLRB action. However, the plaintiffs did not disclose the content of the separate settlement agreements to the Court. This factor weighed against settlement. *Id.* at 22.
vii. A PAGA award of $9000 is modest, but it reflects "an appropriate balance between the leverage Plaintiffs gained by pursuing a PAGA claim and the concerns raised as to the strength of that claim." *Id.* at 24.
viii. The hourly rates implied by an enhancement award of $10,000 would be too high as to some of the named Plaintiffs, and a $7000 award is more appropriate. *Id.* at 24-25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

   b)  Additional Analysis

     (1)  <u>Opt-Ins, Opt-Outs, and Objections</u>

Since the Preliminary Approval Order issued, the parties have largely followed the required notice process set out in the Settlement Agreement and approved by the Court. However, although the Settlement Administrator was to mail class notices to members within 10 days of receiving certain information from the Defendant, the Settlement Administrator did not do so for 20 days. This delay is immaterial for the Final Approval Motion because there is no evidence that the delay limited any class member in making a response.

As explained above, the Settlement Administrator successfully mailed notices to 1657 of the 1666 class members. No objections were filed by any of these persons. Dkt. 121-5 at 4. As noted, the Settlement Administrator received two opt-outs from members of the California Class, which reflects 0.12% of the California Class. *Id.* These factors weigh in favor of approval.

The Settlement Administrator received opt-in notices from 236 members, or 14.2%, of the FLSA Class. *See* Dkt. 122. This opt-in rate, although low on its face, is consistent with the typical opt-in rate for non-union-backed FLSA actions. *See* Matthew W. Lampe & E. Michael Rossman, *Procedural Approaches for Countering the Dual-Filed FLSA Collective Action and State-Law Wage Class Action*, 20 Lab. Law. 311, 313-14 (2005).

The absence of objections, the reasonable opt-in rate and the low opt-out rate all weigh in favor of approval.

     (2)  <u>Attorney's Fees and Costs</u>

       (a)  Legal Standards

Attorney's fees and costs "may be awarded in a certified class action where so authorized by law or the [parties'] agreement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Id.*; *see also* Fed. R. Civ. P. 23(h). "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003). Thus, a district court must "assure itself that the fees awarded in the agreement were not unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.* at 965.

       (b)  Application - Attorney's Fees

The settlement agreement authorizes Class Counsel to seek an award of attorney's fees of up to $220,000 from the Gross Fund. Dkt. 121-3 at 16, 18. As explained above, this is about 29.33% of the Gross Fund Value.

# CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

As noted in the Preliminary Approval Order, Class Counsel "have advanced the expenses of the litigation and are representing the Plaintiffs on a contingency fee basis." Dkt. 106-2 at 67; *see also* Dkt. 121-2 at 16. Class Counsel have provided itemized billing entries for their work in connection with this action, up through preparation of the Motion. Class Counsel represent that they have spent 1461.9 hours on this action and thus incurred $451,290 in attorney's fees. Dkt. 121-4 at 17-19. Tasks performed by associates were billed at an hourly rate of $250, and tasks performed by partners were billed at an hourly rate of $400. Class Counsel declares that "the rates sought . . . are more than reasonable given the legal issues involved, the contingent nature of this action, and market rates for the Central District of California." Dkt. 121-2 at 16.

A per-attorney breakdown of fees is provided here:

| Investigation/Fact Development | | | |
|---|---|---|---|
| Attorney | Rate | Hours | Fees |
| LEB Total Hours | $250 | 68.6 | $17,150.00 |
| RPB Total Hours | $400 | 1.8 | $720.00 |
| SKS Total Hours | $400 | 2.8 | $1,120.00 |
| TPP Total Hours | $400 | 25.6 | $10,240.00 |
| Investigation/Fac | | 98.8 | **$29,230.00** |

| Complaint | | | |
|---|---|---|---|
| Attorney | Rate | Hours | Fees |
| LEB Total Hours | $250 | 18.3 | $4,575.00 |
| SKS Total Hours | $400 | 0.5 | $200.00 |
| TPP Total Hours | $400 | 26.4 | $10,560.00 |
| Fee Request | | 45.2 | **$15,335.00** |

| Rule 26 Conference | | | |
|---|---|---|---|
| Attorney | Rate | Hours | Fees |
| CEK Total Hours | $400 | 23.3 | $9,320.00 |
| LEB Total Hours | $250 | 13.7 | $3,425.00 |
| RPB Total Hours | $400 | 2.1 | $840.00 |
| Fee Request | | 39.1 | **$13,585.00** |

| Court Mandated Conferences | | | |
|---|---|---|---|
| Attorney | Rate | Hours | Fees |
| CEK Total Hours | $400 | 4.2 | $1,680.00 |
| LEB Total Hours | $250 | 2.5 | $625.00 |
| RPB Total Hours | $400 | 0.4 | $160.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-09000 JAK (JEMx) | | Date | November 1, 2019 |
|---|---|---|---|---|
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | | |

| | | | |
|---|---|---|---|
| Fee Request | | 7.1 | **$2,465.00** |

| Discovery | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fees** |
| CEK Total Hours | $400 | 139.8 | $55,920.00 |
| COH Total Hours | $250 | 5.3 | $1,325.00 |
| JCP Total Hours | $400 | 0.3 | $120.00 |
| LEB Total Hours | $250 | 210.4 | $52,600.00 |
| SLP Total Hours | $250 | 30.4 | $7,600.00 |
| Fee Request | | 386.2 | **$117,565.00** |

| Conditional Certification | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fees** |
| CEK Total Hours | $400 | 86.2 | $34,480.00 |
| COH Total Hours | $250 | 2.4 | $600.00 |
| LEB Total Hours | $250 | 104 | $26,000.00 |
| RPB Total Hours | $400 | 1 | $400.00 |
| SLP Total Hours | $250 | 49.3 | $12,325.00 |
| Fee Request | | 242.9 | **$73,805.00** |

| Class Certification | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fees** |
| CEK Total Hours | $400 | 66.8 | $26,720.00 |
| LEB Total Hours | $250 | 79.4 | $19,850.00 |
| SLP Total Hours | $250 | 14.7 | $3,675.00 |
| SSK Total Hours | $250 | 82.1 | $20,525.00 |
| Fee Request | | 243 | **$70,770.00** |

| Settlement | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fees** |
| CEK Total Hours | $400 | 68.2 | $27,280.00 |
| COH Total Hours | $250 | 3.6 | $900.00 |
| LEB Total Hours | $250 | 43.6 | $10,900.00 |
| RPB Total Hours | $400 | 0.3 | $120.00 |
| SKS Total Hours | $400 | 16.9 | $6,760.00 |
| SLP Total Hours | $250 | 0.3 | $75.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
|---|---|---|---|
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

| | | | |
|---|---|---|---|
| Fee Request | | 132.9 | **$46,035.00** |

| Miscellaneous Research and Correspondence | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fees** |
| CEK Total Hours | $400 | 0.5 | $200.00 |
| LEB Total Hours | $250 | 1 | $250.00 |
| SKS Total Hours | $400 | 0.6 | $240.00 |
| SLP Total Hours | $250 | 1.9 | $475.00 |
| Fee Request | | 4 | **$1,165.00** |

| Travel | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fees** |
| CEK Total Hours | $400 | 11.5 | $4,600.00 |
| LEB Total Hours | $250 | 35.4 | $8,850.00 |
| Fee Request | | 46.9 | **$13,450.00** |

| Class Notice | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fees** |
| LEB Total Hours | $250 | 3.2 | $800.00 |
| SLP Total Hours | $250 | 0.5 | $125.00 |
| Fee Request | | 3.7 | **$925.00** |

| Preliminary Approval | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fees** |
| CEK Total Hours | $400 | 82.5 | $33,000.00 |
| COH Total Hours | $250 | 4 | $1,000.00 |
| KCC Total Hours | $250 | 7.4 | $1,850.00 |
| LEB Total Hours | $250 | 67.8 | $16,950.00 |
| SLP Total Hours | $250 | 1.7 | $425.00 |
| SSK Total Hours | $250 | 18.4 | $4,600.00 |
| Fee Request | | 181.8 | **$57,825.00** |

| Class Notice Mailing | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fees** |
| CEK Total Hours | $400 | 4.4 | $1,760.00 |
| LEB Total Hours | $250 | 10.5 | $2,625.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
|---|---|---|---|
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

| | | | |
|---|---|---|---|
| SSK Total Hours | $250 | 0.9 | $225.00 |
| Fee Request | | 15.8 | **$4,610.00** |

| Final Approval | | | |
|---|---|---|---|
| Attorney | Rate | Hours | Fees |
| CEK Total Hours | $400 | 6.0 | $2,400.00 |
| LEB Total Hours | $250 | 8.5 | $2,125.00 |
| Fee Request | | 14.5 | **$4,525.00** |

For the reasons stated in the Preliminary Approval Order, the requested fee of $220,000 is reasonable:

> The fee is contingent, and Class Counsel assumed substantial risk in pursuing this litigation. Class Counsel worked many hours in connection with this action, and have presented reasonable billing rates. The proposed fee award represents only about half of the corresponding value of the hours worked to date. The litigation has resulted in a significant monetary settlement, as well as certain changes in SOSi's policies. The proposed fee award represents a large proportion of the settlement fund, at 29.33% of the Gross Fund Value. Although this percentage exceeds the "benchmark award" of 25% that is applied in the Ninth Circuit, *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003), such awards are not uncommon. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("Ordinarily, . . . fee awards [in common fund cases] range from 20 percent to 30 percent of the fund created."). This slight increase above the 25% benchmark is warranted in light of the very large difference between the value of the time worked . . . and the amount of proposed fee award.

Dkt. 119 at 26.

(c) Application - Costs

Class Counsel seek an award of $25,000 of their costs. This is less than the total that they incurred. They have provided an itemized accounting of these costs through late July 2019. At present, they total $41,116.76. Approximately 60% of the total costs, *i.e.*, $16,000, were incurred for lodging, travel and food during the work on this action. Such costs are ordinarily non-taxable. *See* 28 U.S.C. § 1920. However, Fed. R. Civ. P. 23(h) permits an award of non-taxable costs where authorized "by the parties' agreement."

The request for $25,000 is justified by the costs incurred for electronic legal research, PACER, mailing, service of process, photocopies and transcripts. These costs were necessary and are commonly awarded, and their amount is reasonable. That only a portion of the incurred costs of $41,176.76 are sought confirms this result. Therefore, the award of $25,000 of costs is reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

      (3)  Special Requirement for Settlement of FLSA Claims: *Bona Fide Dispute*

As noted, under the FLSA, a court may approve a settlement of collective-action claims only if "the settlement is a fair and reasonable resolution of a *bona fide* dispute." *Thio*, 14 F. Supp. 3d at 1334 (quoting *Yue Zhou*, 2007 WL 2298046, at *1). The *bona fide* dispute requirement arises because an employee's FLSA rights are nonwaivable. Therefore, allowing the settlement of claims where there is no *bona fide* dispute would in effect be a waiver of FLSA rights. *See Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981).

For the reasons stated in the Preliminary Approval Order and here, the settlement is fair and reasonable. With respect to the *bona fide* dispute requirement, there is one as to the validity and amount of their FLSA claims. As Class Counsel stated in a declaration:

> For the FLSA Class, because of the difficulty in prevailing in overtime claims and minimum wage claims as discussed below, Plaintiffs concluded that the strongest claim was for SOSi's late payment to Interpreters in December 2016. Further, issues related to the FLSA Class included the fact that legally much of the alleged off-the-clock time is questionable as compensable time under the FLSA. See *Integrity Staffing Sols., Inc. v. Busk*, 135 S.Ct. 513, 514 (2014). Additionally, given the federal law that permits averaging for purposes of minimum wage claims and the rates paid to Interpreters were and are many multiples of the federal minimum wage, it is fair to say that very few, if any, interpreters would have a viable minimum wage claim or overtime claim as noted below. The only potential FLSA claim is, as noted, that some interpreters received some late payments in the first couple weeks of the contract that SOSi had with the Federal Government and thus the amount of the Settlement, $42,000.00, fairly compensates the 233 Class members who have opted in as each will receive $180.25 . . . .
>
> During the Class Period, Interpreters would provide services for SOSi pursuant to work orders. Normally, a work order is for a morning or afternoon session or assignment and thus a full day of work would constitute two (2) work orders. If an Interpreter accepted assignments for a full week, an Interpreter could likely work up to nine (9) work orders a week as many courts are dark on one afternoon of the week. The only recording of an Interpreter's time providing services for SOSi would be a Certification of Interpretation ("COI"), which would record the time Interpreters check in with the court clerk until the end of the hearing at which Interpreters provided services. Thus, Plaintiffs' allegations/damages regarding time spent working before, in between, and after hearings are more difficult to assess than similar wage and hour cases. Finally, a large majority of Interpreters (those speaking a language other than Spanish) work a very small number of work orders a month as there is less need for these Interpreters' services possibly affecting liability and damages for such Interpreters.

Dkt. 121-2 at 9-10.

These statements confirm that there is a *bona fide* dispute about the FLSA claims. Therefore, the approval of the settlement would not effect an improper waiver of the FLSA rights of the affected

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-09000 JAK (JEMx) | Date | November 1, 2019 |
| Title | Jo Ann Gutierrez-Bejar et al. v. SOS International, LLC | | |

members of the class. Rather, approval would allow those class members to vindicate their FLSA rights through a modest monetary recovery.

                (4)      <u>NLRB Settlement</u>

As explained in the Preliminary Approval Motion, this action proceeded at the same time as a related action before the NLRB. Dkt. 119 at 22. Class Counsel also served as counsel for an interpreters' union in that parallel action. However, because each action concerned the assertion of similar rights, there was no conflict of interest for Class Counsel. Dkt. 119 at 13. The named Plaintiffs in this action executed separate settlement agreements with respect to the claims presented in the NLRB action. Dkt. 108-2 at 29. Because there has been little evidence presented as to those agreements, they cannot be fully assessed. However, even assuming that the presence of the agreements would provide some weight against the approval of the final settlement in this action, it would not warrant the denial of the present request for final approval of the settlement of this action.

**V.**      **<u>Conclusion</u>**

For the reasons stated in the September 16, 2019 hearing and in this Order, the Final Approval Motion has been **GRANTED**. Certification of both the California Class and FLSA Class has been **GRANTED** for the purposes of settlement. To the extent the parties wish to have a judgment or dismissal entered, counsel shall confer and lodge the appropriate document on or before November 9, 2019.

**IT IS SO ORDERED.**

                                                                                                               :

Initials of Preparer    ak